In the Matter of the Application of CHARLOTTE EWER, Appellant, for Writs of Habeas Corpus and Certiorari; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

*Prohibition of the employment of female children as dancers — its constitutionality.*

The provision of section 292 of the Penal Code which makes it a misdemeanor for any person having the care, custody or control of a female child under the age of sixteen years, as parent, to procure or consent to the employment or exhibition of such child as a dancer, is not unconstitutional on the ground that it infringes upon a parent's right to the custody and services of his infant child.

Nor is this provision unconstitutional as being a violation of the right to liberty secured to the infant by the Constitution.

The determination, by the Legislature, in the exercise of the police power of the State, that it is for the best interest of the State and of young girls that they should not be exhibited as dancers before they reach the age of sixteen years, is final and is not subject to review by the courts upon the ground that the law infringes upon the rights of parents in some particular cases.

The doctrine that the Legislature cannot, under pretense of protecting the health or morals of the community, prevent the carrying on of particular kinds of business in certain places, or the manufacture of certain articles, is not applicable to the above statutory provision, which was obviously adopted by the Legislature in good faith, for the sole purpose of protecting the health and morals of children.

APPEAL by the petitioner, Charlotte Ewer, from an order made at the New York Special Term of the Supreme Court, at Chambers, and entered in the office of the clerk of the city and county of New York on the 27th day of July, 1892, overruling her demurrers to the returns to writs of habeas corpus and certiorari issued upon her petition, and dismissing the writs and remanding the petitioner to custody.

Charlotte Ewer, the appellant, was arrested upon a warrant and taken before a police magistrate in the city of New York, June 16, 1892, charged with a misdemeanor in violating section 292 of the Penal Code by unlawfully exhibiting, using, procuring and consenting to the exhibition of her daughter, Mildred Ewer, aged seven, as a dancer in the Broadway Theater in said city. She demanded an examination, upon which the charge was fully sustained, and she was thereupon held to await the action of the grand jury in default of $500 bail.

Immediately writs of habeas corpus and certiorari were issued out of this court. The warden returned the body of the prisoner with the commitment, and the magistrate returned the complaint, warrant of arrest and testimony taken on the hearing. Thereupon the appellant demurred specially to the returns, alleging that the statute was unconstitutional, and that upon the conceded facts no offense had been committed.

After hearing argument Justice ANDREWS dismissed the writs and remanded the prisoner, upon the grounds stated in his opinion. From the orders of dismissal the present appeal is taken.

*A. J. Dittenhoefer* and *David Gerber*, for the appellant.

*De Lancey Nicoll, District Attorney*, and *Elbridge T. Gerry*, for the respondent.

LAWRENCE, J.:

As the only ground assigned for assailing the proceedings before the police magistrate is that section 292 of the Penal Code is in conflict with the provisions of the Constitution, I deem it sufficient to say, that under numerous decisions of the Court of Appeals, the position taken by the appellant cannot be sustained. The opinion of Mr. Justice ANDREWS, at the Special Term, fully covers the case, and it is unnecessary to add anything to the reasoning therein contained.

It, therefore, results that the orders appealed from should be affirmed.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed.

The opinion delivered at Special Term was as follows:
ANDREWS, J.:

Section 292 of the Penal Code provides, among other things, that a person who, having the care, custody or control of a female child under the age of sixteen years, as parent, procures or consents to the employment or exhibition of such child as a dancer, is guilty of a misdemeanor. The defendant, who is the mother of an infant girl seven years of age, was arrested upon a charge of having violated

this statute, and, having waived an examination, was held for trial; and the question of the legality of her commitment is now brought before this court by writs of habeas corpus and certiorari. The sole ground upon which it is claimed that the defendant should be discharged is that the above-cited provisions of the Penal Code are unconstitutional. The first contention is that said provisions of the Penal Code are unconstitutional because they infringe upon a parent's right to the custody and services of his child. It is conceded that, for reasons which concern both the State and the children themselves, the Legislature has the power to prevent parents from employing their children, or permitting them to be employed, in any indecent or immoral exhibition or practice, or in any practice or exhibition dangerous or injurious to the life, limb, health or morals of the children. Indeed, in view of the various laws, passed for the protection of children against the acts of their parents, by this State, and by every other civilized State in the world, and the validity of which has never been questioned, the learned counsel for the defendant could not well avoid making this concession. But, says the counsel, the Legislature cannot go further and take from the parent the right to employ a child in a lawful occupation, not indecent or immoral, and not dangerous or injurious to the life, limb, health or morals of the child; and, while the nightly exhibition of very young girls, as dancers, in public theaters, concert halls and dance houses, may, in many cases, be injurious to their health or morals, nevertheless, in this particular case, the nightly exhibition by the defendant of her little girl, as a dancer, in a separate piece, performed in a respectable theater, could not injure the health or morals of the child; and, therefore, the above-cited provisions of the Penal Code, which forbid the mother to permit such exhibition, are unconstitutional.

It seems to me that the mere statement of this argument is a refutation of it. But to go further, in the first place, counsel assumes, without a particle of evidence, that the defendant's child, which is of the age of seven years, will not be injured in health or morals by being continuously exhibited as a dancer; and as this assumption is wholly unwarranted, the arguments, which rest entirely upon it, necessarily fall to the ground. But, assuming that in this

present case, and in some other cases, young girls may be exhibited as dancers without injury to their health or morals, that fact does not tend to establish that the act in question is unconstitutional. The Legislature is vested with the entire police power possessed by the people of this State, and, in having determined that it is for the best interest of the State and of young girls that they should not be exhibited as dancers before they reach the age of sixteen years, its decision is final, and is not subject to review by the courts upon the ground that the law infringes upon the rights of parents in some particular cases.

It is said that the statute is a violation of the liberty secured to the infant by the Constitution; in other words, that in the present case, a female child of the age of seven years has a constitutional right to exhibit herself as a dancer. This claim seems to me to have no foundation whatever. In this State, and in every civilized community, children are under many limitations. In most jurisdictions, they cannot make contracts; their earnings belong to their parents, to whom also they must render obedience; they cannot marry before a certain age; they are not allowed to purchase intoxicating liquors, nor to attend theaters except in company with adults, and the male infant is not allowed to vote until he reaches the age of twenty-one years. In view of these and many other restrictions which have been imposed upon the "liberties" of infants, it is certainly a most extraordinary doctrine, and one which finds no support in our Constitution, that girls of the age of seven years have an inalienable right to publicly exhibit themselves as dancers, of which they cannot be deprived by an act of the Legislature.

Various cases are referred to by defendant's counsel, but they lend no support to the views set forth in his brief. All that was decided in those cases was that the Legislature could not, under pretense of protecting the health or morals of the community, prevent the carrying on of particular kinds of business in certain places, or the manufacturing of certain articles. In the case at bar, no such questions can arise, for there can be no question but that the above-cited provisions of the Penal Code were adopted by the Legislature in good faith, with the sole purpose of protecting the health and morals of children.

The writs of habeas corpus and certiorari must be dismissed.